DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
MICHAEL A. FELDMAN (SBN 295780)
mfeldman@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile:  415-236-6300

Attorneys for Defendant
HBS INTERNATIONAL CORP.

[Additional counsel on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| TODD SMITH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>ALLMAX NUTRITION, et al.,<br><br>                    Defendants. | Case No. 1:15-cv-00744-SAB<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER** |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1. Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3. Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staff).

2.4. Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENITAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED –  INSPECTION ONLY"

2.5. Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6. <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and are extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

The Parties agree that the following information, if non-public, shall be presumed to merit at least the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Designation:

    a.    trade secrets and technical data/information;

    b.    commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA");

    c.    financial and sales information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, web traffic, sales reports, and sale margins);

    d.    commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party;

    e.    business plans, sales or marketing forecasts or plans, information or data relating to future products not yet commercially released and/or strategy plans, product development information, engineering documents, testing documents, research and development, employee information;

    f.    customer lists; and

    g.    any other category of non-public information of similar competitive and business sensitivity or is likely to cause harm to the competitive position of the Producing Party.

2.8. <u>House Counsel</u>:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel or any other outside counsel.

///

2.9. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10. <u>Outside Counsel</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action or are affiliated with a law firm retained to represent or advise a party to this action.

2.11. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. This also includes court reporters, professional jury or trial consultants, mock jurors, and other such consultants.

2.14. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENITAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED –  INSPECTION ONLY."

2.15. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or other unauthorized act or omission, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by

the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENITAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED –  INSPECTION ONLY"  to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

4

appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "HIGHLY CONFIDENITAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY"   legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      b.     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony or that the Designating Party send written notice that the relevant portions of the testimony are so designated within ten (10) business days of receipt of the final certified copy of the transcript of the testimony.  All information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately designated as provided for herein has passed.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order.  In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other video media are subject to this Order (*e.g*., by including a label on the videotape or other video media which contains the appropriate confidentiality designation).

        c.    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

        d.    for information not reduced to any documentary, tangible, or physical form, or which cannot be conveniently designated as set forth above, that the Producing Party must inform the Receiving Party of the designation of such information in writing.

    5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    5.4    <u>No Waiver of Privilege</u>.  Pursuant and in addition to Rule 502 of the Federal Rules of Evidence, nothing herein constitutes or may be interpreted as a waiver by any Party or any applicable privilege or immunity, including, but not limited to, the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege—nor shall the inadvertent production of privileged information be deemed a waiver of any applicable privilege or immunity concerning any such information or the subject matter thereof if a request for the return of the information is made promptly after the Producing Party learns of its inadvertent production. Pursuant and in addition to Rule 26(b)(5)(B), upon written request by an inadvertently Producing Party, the Receiving Party shall return all copies of the document and not use the document or the information contained therein for any purpose until obtaining an appropriate order of the Court, even if the Receiving Party disagrees that a document containing the information is privileged.

///

///

[PROPOSED] STIPULATED PROTECTIVE ORDER / CASE NO. 1:15-CV-00744-AWI-SAB

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to remove the confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary

expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A Receiving Party may not use Protected Material disclosed or produced in this case for the purposes of competition with the Producing Party, other pending litigation, instituting new litigation, or any other purpose except the prosecution, defense, or settlement of this case. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c.    no more than five (5) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.    the court and its personnel;

    e. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    f. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.; or

    g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

    h. any persons, and their personnel, selected by the Parties or appointed by the Court to hold a mediation or settlement conference.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" only to:

    a. the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    b. no more than four (4) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    c. the court and its personnel;

///

        d.    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        e.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.;

        f.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

        g.    any persons, and their personnel, selected by the Parties or appointed by the Court to hold a mediation or settlement conference.

    7.4    <u>Inspection of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information or Items</u>. Information and documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" shall be made available for inspection and review subject to the following provisions, unless otherwise ordered by the Court or agreed upon by the Producing Party and Receiving Party:

        a.    All "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or pre-approved experts in a secure room on a secured non-networked computer at a secure site at the Producing Party's discretion, either (i) an office of its Outside Counsel or (ii) at another location mutually agreed by the Parties;

        b.    Use or possession of any input/output device (*e.g.*, USB memory sticks, cameras or any camera-enabled device, CDs, floppy disks, portable hard drives, laptops, mobile devices that are capable of input/output functionality, etc.) is prohibited while accessing the inspection computer. All persons entering the secure room containing the inspection computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured room containing the inspection computer.

    c. The inspection computer will be made available for inspection during regular business hours (*e.g.*, 9am to 5pm), unless otherwise agreed by the parties, and upon reasonable notice to the Producing Party, which shall not be less than 5 business days in advance of the requested inspection for initial inspections, and not less than 3 business days in advance of the requested inspection for subsequent inspections.

    d. The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information during inspection.  Any such notes shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information.  All such notes will be taken on bound (spiral or other type of permanently bound) notebooks, and the Receiving Party may not bring loose paper into the secure room.   The Receiving Party's Outside Counsel and/or experts shall be permitted to take such notebooks into and out of the secure room, but at all times such notes shall be subject to the provisions governing printed copies of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information in 7.4(f) below.

    e. The inspection computer shall be equipped to allow the Receiving Party, during inspection, to print copies of the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information to PDF files that will be kept electronically in folders on the inspection computer.  The Receiving Party may request paper copies of limited portions of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information other than electronically as set forth in paragraph 7.4(c) in the first instance.  Within seven (7) business days after a day in which the Receiving Party prints any portions of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information to PDF in such manner, the Producing Party shall either (i) provide one copyset of such printed portions to the Receiving Party in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEY RESTRICTED – INSPECTION ONLY" Information or (ii) inform the Receiving Party in writing that it objects that the printed portions are excessive and/or not reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  To avoid ambiguity as to whether an objection has been made, the written notice must recite that the objection is being made in accordance with this specific paragraph of the Protective Order.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution within ten (10) business days from the date of the meet and confer as to whether the printed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information in question is excessive and/or not reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  The burden of persuasion in any such proceeding shall be on the Producing Party.

    f. Printed copies of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information may be reviewed by Outside Counsel for the Receiving Party or the Receiving Party's independent consultants or experts, and such review may occur at the offices of Outside Counsel of the Receiving Party or at the offices of the Receiving Party's approved independent consultants or experts.  Printed copies of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information may not be removed from the aforementioned locations, except that: (A) copies may be made for and used in court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information of the Producing Party if necessary; and (B) Outside Counsel of the Receiving Party, and/or the Receiving Party's independent consultants or experts may transfer printed copies of the Producing Party's "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information between Outside Counsel of the Receiving Party's own offices (via overnight delivery with signature required or hand delivery with signature required), or between any other locations where such printed copies of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information may be viewed pursuant to this paragraph, as reasonably necessary for preparation of the Receiving Party's case.  Any such printed copies shall be maintained at all times in

a locked and secure location, except while in transit or being reviewed consistent with this paragraph. Printed copies of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information shall not be converted to electronic form by the Receiving Party and may not be scanned using optical character recognition ("OCR"), except as may be necessary for use in court filings and proceedings, and expert reports.

///

    g. All copies of any portion of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information in whatever form shall be securely destroyed if they are no longer in use.  Copies of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" Information that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts.  Rather, the deposition record will identify the exhibit by its production numbers.

**8.** **NOTICE OF DISCLOSURE**

  8.1 Prior to disclosing any Protected Material to any person described in subparagraphs 7.2(c) or 7.3(b) ("Person"), the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name and contact address of the Person; (ii) *curriculum vitae* and the present employer and title of the Person, (iii) employment history for the past ten years, and (iv) a listing of cases in which the Person has testified as an expert at trial or by deposition within the preceding five years and the parties to those litigations, further identifying for whom the work was done.

  8.2 Within ten (10) calendar days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  Any such objection must set forth in detail the grounds on which it is based.  The objecting Party's consent to a Person shall not be unreasonably withheld.  In the absence of an objection at the end of the ten (10) calendar day period, the person shall be deemed approved under this Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) calendar day period.  If the Producing Party objects to disclosure to the Person within such ten (10) calendar day period, the parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the

disclosure will have five business (5) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, Protected Materials of the objecting Party shall not be disclosed to the Person in question until the objection is resolved by the Court.

8.3   For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed Person will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Order.

8.4   Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

8.5   A Party who has not previously objected to the disclosure of Protected Material to a Person or whose objection has been resolved with respect to the previously-produced information shall not be precluded from raising an objection to a Person at a later time with respect to materials or information that are produced or discovered after the time for objection to such a Person has expired.  Any such objection shall be handled in accordance with the provisions contained in this Section.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" that Party must:

9.1   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

9.2   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

9.3   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

///

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY RESTRICTED – INSPECTION ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

10.2.1  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

10.2.2  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

10.2.3  make the information requested available for inspection by the Non-Party.

10.3    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective

order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) (in addition to any requirements imposed by California law).

## 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL.

Dated: February 25, 2016                BARBAT, MANSOUR & SUCIU PLLC

By:   */s/ Nick Suciu* (as authorized on February 25, 2016)
              NICK SUCIU

Nick Suciu , PHV
Barbat, Mansour & Suciu PLLC
434 West Alexandrine, #101
Detroit, MI 48201
Email: nicksuciu@bmslawyers.com

Joseph J. Siprut
Siprut PC
17 N. State Street, Suite 1600
Chicago, IL 60616
Email: jsiprut@siprut.com

Tina Wolfson

Ahdoot & Wolfson, P.C.
1016 Palm Avenue
West Hollywood, CA 90069
Email: twolfson@ahdootwolfson.com

Attorneys for Plaintiff
TODD SMITH

Dated: February 25, 2016                    DURIE TANGRI LLP

By: ___*/s/ Michael A. Feldman*___
MICHAEL A. FELDMAN

Attorneys for Defendant
HBS INTERNATIONAL CORP.

**ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The stipulated protective order is entered in this action;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: __**February 25, 2016**__    _____
UNITED STATES MAGISTRATE JUDGE